Fatula et al. *v.* Gondorchin et al., Appellants.

Argued December 13, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNING-HAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Arthur L. Shay,* and with him *Samuel Kagle,* for appellants.

*George I. Puhak,* and with him *John Skweir,* for appellees.

OPINION BY KELLER, J., March 3, 1933:

The lower court was not called upon to decide, and did not decide, whether the Greek Catholic Union of Russian Brotherhoods, a fraternal beneficial associa-

tion, operating under the lodge system, and paying sick and death benefits to its members, could, after the individual defendants had lawfully become members of the association, by a change in the by-laws exclude them from membership, thereby depriving them of their interest in the lodge funds and property; or that the words "Greek Catholic" in the name of the beneficial association, as chartered, excluded members of the Orthodox Greek Catholic Church, and was confined to Greek Catholics in union with the Roman Catholic Church, who recognized the Pope as their spiritual head. There is much to support the position taken by the defendants as respects the latter question. The leading case of Greek Catholic Church of Wilkes-Barre v. The Orthodox Greek Catholic Church, 195 Pa. 425, 46 Atl. 72, did not so rule, but only that the Greek Catholic Church of Wilkes-Barre had been founded as a unit of the United Greek Catholic Church, or Uniat Church, which acknowledged the Pope as its spiritual head, and that it could not be transferred by the pastor and trustees to the Orthodox Greek Catholic Church, which rejected the primacy of the Pope. Both churches and denominations used the words "Greek Catholic" in their titles, and the opinion of the court in that case makes it clear that, if it had been founded as a unit of the Orthodox Greek Catholic Church, its right to continue as such would not have been disturbed; and it appears from the record in this case that the court below in proceedings in equity to May Term, 1925, No. 7, had decided that St. Michael's Greek Catholic Church in St. Clair was legally affiliated with the Orthodox Greek Catholic Church, and not with the United Greek Catholic Church, and an appeal from that decree was nonprossed by the Supreme Court in February, 1929.

What the court below decided, and decided rightly, was that the defendants, on being excluded from their membership in the beneficial association aforesaid,

should have pursued their remedy within the organization, and if it had resulted in their being unjustly deprived of their property rights, they might then have appealed to the courts for redress; but instead of doing so, they seceded and joined a new association and attempted to take the funds and property of the old association with them into the new one. This they could not do, even though they were in the majority, and the court below correctly so decided.

The assignments of error are overruled and the decree of the court below is affirmed at the costs of the appellants.